UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOSEPH BABBITT, | Case No. 2:24-cv-2292-TLN-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| DEPARTMENT OF VETERANS AFFAIRS, *et al.*, | |
| Defendants. | |

Plaintiff brings this action *pro se*, alleging that defendants violated swindled him under 18 U.S.C. § 1341 when defendant Tangela Babbitt created a fraudulent Capital One account and the Department of Veterans Affairs, after failing to detect the fraud, deposited his funds therein. ECF No. 1 at 5-6. This code section does not create a private cause of action and, thus, the complaint fails to state a cognizable claim. I will dismiss the complaint and give plaintiff an opportunity to amend to explain why this action should proceed. I will also grant his application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and

1 dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon
2 which relief may be granted, or seeks monetary relief from a defendant who is immune from such
3 relief. *Id.*

4     A complaint must contain a short and plain statement that plaintiff is entitled to relief,
5 Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
6 face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
7 require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
8 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
9 possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
10 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
11 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
12 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
13 n.2 (9th Cir. 2006) (en banc) (citations omitted).

14     The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
15 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
16 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
17 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
18 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
19 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
20 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

21 **Analysis**

22     Plaintiff alleges that his claims against defendants arise under 18 U.S.C. § 1341. ECF No.
23 1 at 4. That statute does not create a private cause of action. *See Chester v. United States Dep't*
24 *of State*, NO. 3:23-cv-05367-DGE, 2024 U.S. Dist. LEXIS 102908, *8 (W.D. Wash. June 10,
25 2024) ("[T]o the extent Plaintiff alleges Defendants violated the Mail Fraud Act, 18 USC § 1341,
26 the Mail Fraud Act is a criminal statute and 'does not create a private right of action[.]'")
27 (modification in original). Thus, this action cannot proceed. I will give plaintiff an opportunity
28 to amend to explain why, if at all, his claims should still proceed.

Plaintiff may amend his complaint within thirty days of this order's entry. He is advised that an amended complaint will supersede his current one and all claims and relevant exhibits must be contained in the new complaint without reference to its predecessor. If plaintiff fails to file an amended complaint within the deadline, I will recommend this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   November 6, 2024                           _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE

3